JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and oral arguments of the parties. For the reasons stated below, it is
ORDERED and ADJUDGED that the judgment of the district court be affirmed and the defendant’s motion to remand the case under Federal Rule of Criminal Procedure 36 be denied.
Martinez was sentenced to 46 months in prison after pleading guilty to unlawful possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). Martinez seeks resentencing based on an alleged factual error in his presentence report regarding the status of an immigration detainer against him. Because Martinez did not object to the factual accuracy of the presentence report during sentencing, the district court’s factual findings are subject only to plain error review. This Court has held that a district court’s adoption of the factual findings of a presentence report can be plain error only when the facts therein “are internally contradictory, wildly implausible, or in direct conflict with the evidence that the sentencing court heard at trial.” United States v. Saro, 24 F.3d 283, 291 (D.C.Cir.1994). The presentence report did not contain facts meeting that standard. Moreover, at sentencing, the district court did not refer to or rely on the status of an immigration detainer; as a result, Martinez cannot meet the prejudice prong of the plain error test. Saro, 24 F.3d at 288.
As to the motion to remand, a defendant may not employ Federal Rule of Criminal Procedure 36 to correct the kind of error at issue in this case. Rule 36 provides for the correction of clerical errors “in a judgment, order, or other part of the record” *186 or the correction of “an error in the record arising from oversight or omission.” Fed. R.CRIM.P. 36. Alleged factual inaccuracies in a presentence report are not within the narrow confines of this rule.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en bane. See Fed. R.App. P. 41(b); D.C.Cir. R. 41(b).